IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRINITI MORGAN**, <br><br> Plaintiff <br><br> -against- <br><br><br> **CREDIT ONE BANK, N.A..**  and JOHN DOES 1-25, <br><br> Defendants | Civil Case No.: <br><br> <u>**CIVIL ACTION**</u> <br><br> **COMPLAINT** <br> **and** <br> **JURY TRIAL DEMAND** |

Plaintiff TRINITI MORGAN ("<u>Plaintiff</u>"), by and through her undersigned attorneys, brings this Complaint against the Defendant CREDIT ONE BANK, N.A. and JOHN DOES 1-25 (hereinafter referred to as "<u>Defendant</u>"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).  Plaintiff has been receiving incessant unwanted calls from the Defendant and their thus-far unidentified third-party calling vendors, all in an attempt to collect a debt from an unknown third party, and seeks damages as a result of those calls.

---

**CIVIL ACTION COMPLAINT**
-1-

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## PARTIES

4. Plaintiff is a natural person who resides in Atlanta, Georgia.
5. Defendant is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.
6. JOHN DOES 1-25 is a fictitious name, meant to represent those calling and

dialing vendors utilized by Defendant to place the actual calls to Plaintiff's cellular phone on Defendant's behalf, whom Plaintiff will name once their identities are uncovered.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.
8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.
10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling the Plaintiff's cellular telephone phone number of (470) 798-8506 on dozens of occasions.
11. When the Plaintiff would answer the Defendant's calls, the Defendants' representatives ask to speak with an individual named Carl H**** (named redacted to prevent third-party's identity).
12. Plaintiff is the customary and sole user of the cellular phone number (470) 798-8506.
13. The Defendant called from numerous phone numbers, including but not limited to (855)530-4247.
14. Plaintiff confirmed that these phone numbers belong to Defendant by calling these numbers and hearing a recorded greeting:
"Thank you for calling Credit One Bank."

15. Defendant used an automated telephone dialing system to call the Plaintiff on her cell phone typically 5-6 times a day.
16. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the usage and placement of prerecorded messages (2) the placement of several or more calls to the Plaintiff per day, (3) hold music playing when the Plaintiff would answer the phone, and (4) the telltale clicks and pauses before a human voice would come on the line when the Plaintiff would answer the phone.
17. The Plaintiff never gave the Defendant her prior, express permission to call her cell phone via the use of an automated telephone dialing system or prerecorded voice.
18. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling her cell phone number on numerous occasions.
19. On a number of occasions, the Plaintiff advised the Defendant that they were calling the wrong person, that she was not Carl H**** (named redacted to prevent third-party's identity), and that the Defendant should cease calling her.
20. The Defendant disregarded the Plaintiff's pleas for the calls to stop, and continued placing auto-dialed calls and prerecorded voice messages to her phone.
21. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.
22. Plaintiff suffered actual damages because the Defendant's calls to her cell phone deprived her of the use of her cellular phone during the times that the

Defendant was calling her cellular phones, depleted battery life of the cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion, which was the very harm that Congress sought to prevent by enacting the TCPA.

23. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

24. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

26. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

28. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

29. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    B.  Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      September 15, 2017

*/s/ Misty Oaks Paxton*
Misty Oaks Paxton
Attorney Bar No.: GA 127089
Attorney for *Plaintiff*
The Oaks Firm
3515 Charleston Ct
Decatur, GA 30034
Telephone: 404-725-5697
Email: attyoaks@yahoo.com

**TO FILE PRO HAC VICE APPLICATION**
*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101

Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
Yzelman@marcuszelman.com
*Attorneys for Plaintiff*

**CIVIL ACTION COMPLAINT**
**-7-**